## Case No. 14,907.

### UNITED STATES v. CUSHMAN.

[2 Sumn. 310.] [1]

Circuit Court. D. New Hampshire. May Term, 1836.

ADMINISTRATOR—ACTION ON BOND FOR CUSTOMS DUTIES — JOINT JUDGMENT — PRINCIPAL AND SURETY — ASSENT OF SURETIES TO RELEASE — ASSENT BY HEIR.

1. Where a judgment was obtained upon a joint and several bond, for duties at the custom house, in a joint suit against all the obligors; and afterwards, one of the obligors died; it was *held*, that no action at law lay against the administrator of the deceased obligor, but only against the surviving judgment debtors.

[Cited in dissenting opinion in U. S. v. Price, 9 How. (50 U. S.) 96.]

2. The Acts N. H. 1808 and 1830, on the subject of the liability of administrators, upon joint

[1] [Reported by Charles Sumner, Esq.]

contracts and joint demands against the estate of a deceased debtor (when the other debtor survived), do not apply to a suit on a joint judgment, whatever might be the case, as to a suit on the original contract or demand.

3. Where the secretary of the treasury releases an insolvent debtor, under the acts of congress, upon the condition of the assent of his sureties to the release, without prejudice to their liability, that assent must be by the parties, if living, and if dead, by their personal representatives. An assent by the heir of a surety is not sufficient.

Debt on judgment. The parties agreed to a statement of facts, as follows: This is an action of debt, founded upon a judgment rendered by the circuit court, for the district of New Hampshire, on 8th of October, A. D. 1829, in favor of the plaintiffs, against Willis Barnabee, John N. Sherburne, and John Abbot—for the sum of $918.53 debt, and $27.06 cost. The said judgment was rendered upon a bond, given for the security of duties upon goods imported. The defendant, Samuel Cushman, is administrator upon the estate of John Abbot. The writ in this case, together with the copies of the judgment above named, are made a part of this case. In May, A. D. 1834, the aforesaid Willis Barnabee, applied for a discharge from the above named judgment, in pursuance of the provisions of certain insolvent laws of the United States. A hearing was had before the commissioners, and the result of this investigation, was forwarded to the secretary of the treasury department. After which hearing and report, the secretary of the treasury, forwarded to said Barnabee a letter, which is made a part of this case. On the same 18th of June, the secretary of the treasury forwarded to the district attorney of New Hampshire, a discharge, which made a part of this case. The said discharge now is, and ever has been, retained by the district attorney. On 19th November, 1834, John N. Sherburne, above named, together with John E. Abbot, son and sole heir of John Abbot, who deceased after the rendition of the afore described judgment, signed a document, showing their assent to the discharge of the said Barnabee—which document was filed in the treasury department on 10th April, A. D. 1835. On 26th August, A. D. 1829, Willis Barnabee surrendered to the custom house, two debenture certificates—one for the sum of $341.40, the other for the sum of $50.66 —for the benefit of the government; and endorsed on each of them, a receipt for the amount thereof, which several sums, amounting to $392.06 at the time of rendering the aforesaid judgment, were not, and have not since been allowed to said Barnabee. The above named defendant, Cushman, has filed a general demurrer. The said Sherburne has pleaded nul tiel record, and also satisfaction for the sum of $392.06—the said Barnabee has pleaded a discharge under the insolvent laws of the United States.

Upon the above case, it is agreed, that such judgment shall be rendered as pertains to law. It is further agreed, that if the court are of

opinion the action cannot be maintained against the three defendants, but can be against Cushman as administrator, the plaintiffs are at liberty to become nonsuit, as to the other two defendants. and may amend so as to take judgment against Cushman alone, for such sum as the court may direct. The estate of John Abbot has been represented insolvent, and is probably so in fact.

Mr. Hale, U. S. Dist. Atty.
C. B. Goodrich, for defendants.

Before STORY, Circuit Justice, and HARVEY, District Judge.

STORY, Circuit Justice. Upon this statement of facts, I have no doubt, that the suit is not maintainable against all the defendants. It is the case of a joint judgment against three; and the suit is brought against two of the judgment debtors, who survive, and the administrator of the third judgment debtor, who is dead. · The general doctrine of the common law unquestionably is, that the judgment survives against the surviving debtors only, and is gone as to the deceased debtor. The administrator is sued in autre droit; but it is clear, that he is not suable in that capacity jointly with the other debtors. But the parties have agreed, that, if necessary, the writ and declaration may be amended, so as to become the case of a several suit against the administrator of the deceased debtor upon the judgment. And the question is thus presented, whether such a suit could be maintainable against him separately upon the joint judgment. I am of opinion, that it could not be so maintainable. As the judgment is joint, all the parties, who are living, and within the process of the court. must be joined in a suit upon that judgment. So the supreme court decided. in the case of Gilman v. Rives, 10 Pet. [35 U. S.] 298. But, in truth, this is not the most pressing part of the objection. The judgment survives against the living judgment debtors; and can in no mode whatsoever. known to the common law, be enforced against the administrator of the deceased debtor. As to him, in its character as a judgment, it is functus officio.

The statutes of New Hampshire have not in any manner, helped this matter. The act of 1808 (Rev. Laws 1830, p. 65), applies only to suits on joint contracts, while they remain such, and not to judgments. It does no more than the original bond has provided in the present case; that is, it makes the contract several, as well as joint; so that it is suable as a several contract against the personal representatives of each deceased joint contractor. But the present is not a suit upon the original bond, as a several contract; but upon the joint judgment. Whether, after a joint judgment upon a joint and several contract, a several suit can be maintained upon the same contract severally against one of the debtors, or his personal representative; or whether it is merged in the judgment, is a question,

which we need not meddle with in this case; for it does not arise. See on this point, Sheehy v. Mandeville, 6 Cranch [10 U. S.] 253; Lechmere v. Fletcher, 1 Cromp. & M. 634, 635. The act of 1822, § 12 (Rev. Laws 1830, p. 336), does not seem intended by its terms to go farther than the prior act of 1808. It provides. "that the estate of any person deceased, and the executor or administrator thereof, shall be liable for joint demands against the deceased, and any other person, in the same way and manner, as they would be liable, if such demands were several, as well as joint; unless it appear to have been the intention of the parties, that the demand should survive only against the longest liver." It is difficult to perceive, how this language could apply to any other cases, except cases of contract voluntarily entered into by the parties. where they had an option to make their responsibility joint and several, or otherwise; and where the right of suit is still resting upon the original contract. It cannot, without violence to the terms, be applied to judgments; for no such thing is known, at the common law, as a joint and several judgment.

This view of the nature and operation of the statutes of New Hampshire renders it wholly unnecessary to consider another point, which has been suggested by the argument; and that is, whether a contract made with the United States for the payment of duties, under the revenue laws of the United States, is, or can properly be deemed a local contract, to be governed by the state laws. Whenever that point arises directly in judgment, it may become necessary to consider the grounds and extent of the decisions of the supreme court, in Cox v. U. S., 6 Pet. [31 U. S.] 172, 203, and in Duncan v. U. S., 7 Pet. [32 U. S.] 435, 449. It is quite a different question, whether, upon a bill in equity properly framed, the United States. might or might not have redress against the administrator. That would depend upon principles and facts wholly incapable of being properly considered in a court of law. In such a suit, the question would be presented. whether the debenture certificates ought not to be first deducted from the debt.

As to the other point, which. it is suggested. the case was intended to raise, whether the consent of John E. Abbot. the son and heir of the deceased, to the discharge of Barnabee. was a compliance with the condition of the discharge of Barnabee, provided for by the secretary of the treasury in his official instrument in the case; I am of opinion, that it was not. The consent must have been given by the party himself, if living; if not living, by his personal representative; for the latter only was capable of acting in the premises, so as to bind the estate of the deceased generally. The son, though heir. was in the sense of law a mere stranger, having no privity in contract or responsibility, by which he could bind the general assets of the deceased. But at most he could bind himself, only so far as real estate should descend to him from the de-

ceased. My opinion, therefore, is, that, at law, upon the statement of facts. judgment ought to be entered for the defendants. that the plaintiffs take nothing by their writ.

The district judge concurs in this opinion. and therefore let judgment pass for the defendant.

[NOTE. For a bill in equity, brought to recover the amount of the same judgment out of the assets of Abbot in the hands of the defendant, see Case No. 14,908.]